UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OPEN COMMUNITIES ALLIANCE and SOUTHCOAST FAIR HOUSING | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil No. 3:20CV1587 (JBA) |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and MATT AMMON,[1] in his official capacity as Acting Secretary of Housing and Urban Development | : : : : : | February 10, 2021 |
| Defendants. | : : | |

DEFENDANTS' MOTION FOR 60-DAY STAY OF PROCEEDINGS PENDING ADMINISTRATIVE REVIEW

Defendants request a stay of proceedings while HUD reconsiders the rule that Plaintiffs challenge in this case. The rule at issue has been stayed by another court and Defendants do not seek to lift that stay. The President has issued a memorandum directing HUD to review the specific rule that Plaintiffs challenge, and Defendants have begun that administrative review but require additional time to complete the process and determine next steps. As a result, this Court may not have to decide Plaintiffs' claims, and Plaintiffs will not be prejudiced in the meantime. It therefore makes little sense to proceed with litigation at this time, and principles of judicial economy favor a stay.

**I.    BACKGROUND**

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), the current Acting Secretary of HUD, Matt Ammon, is automatically substituted for former Secretary Ben Carson.

On October 22, 2020, Plaintiffs filed the Complaint, which challenges Defendants' issuance of a final rule, *HUD's Implementation of the Fair Housing Act's Disparate Treatment Standard*, 85 Fed. Reg. 60288 (Sept. 24, 2020) ("2020 Rule"), under the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.*  Plaintiffs served Defendants with the Complaint in the instant action on October 26, 2020.

On October 25, 2020, the United States District Court for the District of Massachusetts stayed the effective date of the 2020 Rule.  *Mass. Fair Hous. Ctr. v. United States Dep't of Hous. & Urban Dev.*, No. CV 20-11765-MGM, 2020 WL 6390143 (D. Mass. Oct. 25, 2020).  On December 23, 2020, the Defendants filed a Notice of Appeal of that decision; however, on February 9, 2021, Defendants filed a motion to voluntarily dismiss their appeal and do not seek to lift the stay in the Massachusetts court during the pendency of that case.

On January 26, 2021, President Biden issued a Presidential Memorandum that instructed that HUD

> shall also, as soon as practicable, take all steps necessary to examine the effects of the September 24, 2020, rule entitled "HUD's Implementation of the Fair Housing Act's Disparate Impact Standard" (codified at part 100 of title 24, Code of Federal Regulations), including the effect that amending the February 15, 2013, rule entitled "Implementation of the Fair Housing Act's Discriminatory Effects Standard" has had on HUD's statutory duty to ensure compliance with the Fair Housing Act.  Based on that examination, the Secretary shall take any necessary steps, as appropriate and consistent with applicable law, to implement the Fair Housing Act's requirements that HUD administer its programs in a manner that affirmatively furthers fair housing and HUD's overall duty to administer the Act (42 U.S.C. 3608(a)) including by preventing practices with an unjustified discriminatory effect.

Redressing Our Nation's and the Federal Government's History of Discriminatory Housing Practices and Policies, 86 FR 7487 (published Jan. 29, 2021).  HUD is already actively considering its path forward in implementing the Presidential directive.

### II.     ARGUMENT

This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That broad discretion includes the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). "'In deciding whether to stay proceedings, courts in the Second Circuit examine the following five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *United Rentals, Inc. v. Chamberlain*, No. 3:12-CV-1466 CSH, 2013 WL 6230094, at *3 (D. Conn. Dec. 2, 2013) (quoting *Catskill Mts. Chapter of Trout Unlimited, Inc. v. U.S. EPA*, 630 F.Supp.2d 295, 304 (S.D.N.Y. 2009)).

The interests of efficiency and judicial economy make it appropriate for this Court to enter a 60-day stay. HUD is actively reconsidering whether the challenged 2020 Rule furthers fair housing and prevents unjustified discriminatory housing effects, which goes to the heart of Plaintiffs' claims in this case. *See* Compl. ¶¶ 1–18. HUD requires sufficient time to determine how to proceed on this important issue, especially where new leadership for the agency is still arriving, and so requests a 60-day stay to engage in the administrative process implementing the Presidential directive. Defendants propose to update this Court on the expected timing of any further government action and any next steps in this case by filing a status report at the end of that 60-day period. Further, Plaintiffs will not be prejudiced by the proposed stay in this case.

The Massachusetts District Court's stay remains in effect and Defendants commit to not seeking to lift that stay during the pendency of any stay in this case.

In light of the posture of the stayed 2020 Rule and HUD's ongoing efforts to implement the Presidential directive, Defendants respectfully request a 60-day stay. This is Defendants' first stay motion; Defendants previously filed two extension motions in this case. Defendants conferred with Plaintiffs about this motion pursuant to D. Conn. L. Civ. R. 7(b)(2). Plaintiffs would consent to a 30-day stay but oppose a 60-day stay.

    Respectfully submitted,

    MICHAEL D. GRANSTON
    Deputy Assistant Attorney General

    LESLEY FARBY
    Assistant Branch Director

    */s/ Brian C. Rosen-Shaud*
    BRIAN C. ROSEN-SHAUD
    Trial Attorney (ME Bar No. 006018)
    United States Department of Justice
    Civil Division, Federal Programs Branch
    1100 L Street NW
    Washington, D.C. 20005
    Telephone: (202) 305-7667
    Brian.C.Rosen-Shaud@usdoj.gov

    Attorneys for Defendants